DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247-0404
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS J. OLSEN, Individually and on
behalf of all other persons similarly situated,

                               Plaintiffs,

    -against-                                  Index No.: 1:18-cv-02399-AJN

PAUL SMITH INC.,

                               Defendant.
------------------------------------------------------------x

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff Thomas J. Olsen ("Plaintiff"), and Defendant, Paul Smith Inc. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

1

DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

3.  On or about March 18, 2018, Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *Thomas J. Olsen v. Paul Smith Inc.* (Docket No. 1:18-cv-02399-AJN) (the "Action"). The Plaintiff alleged that Defendant's website: www.paulsmith.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4.  Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.  This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6.  This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7.  Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical locations, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 22 through 32 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

3

Case 1:18-cv-02399-AJN Document 16 Filed 09/04/18 Page 4 of 11
Case 1:18-cv-02399-AJN Document 15 Filed 08/31/18 Page 4 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twelve (12) months from the Effective Date; or (b) the date, if any, that the regulations are adopted in the Department of Justice's anticipated proposed regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

13. Pursuant to the terms of this Consent Decree, Defendant:

    a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through its Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

Case 1:18-cv-02399-AJN Document 16 Filed 09/04/18 Page 5 of 11
Case 1:18-cv-02399-AJN Document 15 Filed 08/31/18 Page 5 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## COMPLIANCE WITH TITLE III OF THE ADA

14. Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

   a. Within twelve (12) months of the Effective Date, the Defendant shall ensure that the Websites substantially conform to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with disabilities as set forth in Paragraph 26 below.

   b. Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.0 AA.

   c. Between the Effective Date and twelve (12) months from the Effective Date, Defendant shall test the Website on a periodic basis with assistive technology such as screen readers and screen magnifiers, and with users with disabilities who use these technologies.

Case 1:18-cv-02399-AJN    Document 16    Filed 09/04/18    Page 6 of 11
Case 1:18-cv-02399-AJN    Document 15    Filed 08/31/18    Page 6 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## SPECIFIC RELIEF TO PLAINTIFF

15. Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

16. The procedures set forth in Paragraphs 17 through 19 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

17. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff

DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 22.

18. Within thirty (30) days of either Party receiving notice as described in Paragraph 17, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

19. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 18, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

20. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the

Case 1:18-cv-02399-AJN Document 16 Filed 09/04/18 Page 8 of 11
Case 1:18-cv-02399-AJN Document 15 Filed 08/31/18 Page 8 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

21. Any of the time periods set forth in Paragraphs 17 through 20 may be extended by mutual agreement of the Parties.

22. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:	Douglas B. Lipsky, Esq.
LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
Tel: 212.392.4772
doug@lipskylowe.com

For DEFENDANT:	Adam G. Guttell, Esq.
JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, New York 11747
Tel: (631) 247-0404
adam.guttell@jacksonlewis.com

## MODIFICATION

23. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

Case 1:18-cv-02399-AJN   Document 16   Filed 09/04/18   Page 9 of 11
Case 1:18-cv-02399-AJN   Document 15   Filed 08/31/18   Page 9 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## ENFORCEMENT AND OTHER PROVISIONS

24. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

25. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

26. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

27. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, indicating those who utilize a screen reader to access the Websites, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

28. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

Case 1:18-cv-02399-AJN   Document 16   Filed 09/04/18   Page 10 of 11
Case 1:18-cv-02399-AJN   Document 15   Filed 08/31/18   Page 10 of 11
DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## **CONSENT DECREE HAS BEEN READ**

29. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

THOMAS J. OLSEN

Dated: 8/8/2018 11:27:32 AM EDT

By: *Thomas J. Olsen*
Thomas J. Olsen

PAUL SMITH INC.

Dated: 8/15/18

By: _____
TIM AVERILL
Its: GM OPERATION, MANAGEMENT.

APPROVED AS TO FORM AND CONTENT:

LIPSKY LOWE LLP

Dated: August 8, 2018

By: _____
Douglas B. Lipsky, Esq.
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
Attorneys for Plaintiff

JACKSON LEWIS, P.C.

Dated: 8/27/18

By: _____
Adam G. Guttell, Esq.
58 South Service Road, Suite 250
Melville, New York 11747
Attorneys for Defendant

DocuSign Envelope ID: B44AE9CD-778D-4A21-B234-1B268882B455

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND OREDERED in Chambers at _____ this 31st day of Aug, 2018.

_____
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record via CM/ECF

4821-1128-2797, v. 1

11